**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM TAYLOR** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1350** |
| | : | |
| **BETH STUEBNER, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 14th day of August, 2026, upon consideration of Plaintiff William Taylor's Motions to Proceed *In Forma Pauperis* (ECF Nos. 1, 10), Prisoner Trust Fund Account Statement (ECF Nos. 6, 11), Plaintiff's Complaint (ECF No. 2), and Plaintiff's Motion to Appoint Counsel (ECF Nos. 3, 7), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. William Taylor, #HN-2880, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Camp Hill, or other appropriate official, to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Taylor's inmate account; or (b) the average monthly balance in Taylor's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Taylor's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Taylor's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Camp Hill.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART** for the reasons stated in the Court's Memorandum, as follows:

   a. All claims asserted against Wellpath, Lieutenant C. Hartless, Deputy Charles Hensley, Superintendent Joseph Terra, and Director James Barnacle are **DISMISSED**. The Clerk of the Court shall **TERMINATE** these Defendants from the docket.

   b. All claims asserted against Beth Stuebner, Lieutenant Judge, and John Does 1-4 pass statutory scrutiny under 28 U.S.C. § 1915(e)(2)(B) and may proceed to service in accordance with this Order.

6. The Motion to Appoint Counsel (ECF Nos. 3, 7) is **DENIED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum.

7. Pursuant to Federal Rule of Civil Procedure 4(d) and the **MEMORANDUM OF UNDERSTANDING ("MOU")** between the Court and the Pennsylvania Department of Corrections ("DOC"), the Clerk of Court is specially **APPOINTED** to request waiver of service by **SENDING (i)** this Order, and **(ii)** the attached **Acceptance of Service Form**, to the DOC Location specified on the Acceptance of Service Form for the following Defendants:

   a. Beth Stuebner

   b. Lieutenant Judge

   c. John Does 1-4

8. The Clerk of Court is **DIRECTED** to also attach the operative pleading in this case, Taylor's Complaint (ECF No. 2), as an attachment to this Order.

9. Pursuant to the MOU, the DOC (or counsel acting on its behalf), or a Contractor Defendant (or counsel acting on its behalf), may file the completed Acceptance of Service Form through the Court's Case Management/Electronic Case Files ("CM/ECF") System within forty-five (45) days from the date of this Order.

10. As to any Defendant for whom service is waived pursuant to Federal Rule of Procedure 4(d) and the MOU, a response to the Complaint must be filed within sixty (60) days of the date of this Order.[1]

11. If no completed Acceptance of Service Form is filed within forty-five (45) days of the date of this Order, or if waiver of service pursuant to Federal Rule of Civil Procedure 4(d) and the MOU is declined as to any Defendants, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), as to the relevant Defendants.

12. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

13. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

14. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil

---

[1] Defendants are reminded that they must comply with DOC ADM 803, https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf, and any other relevant institutional mail policies at the facility where Taylor is housed, in addition to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, when serving responsive pleadings and other documents.

Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

15. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Taylor is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

16. Once discovery is permitted, Taylor should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Taylor shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

17. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

18. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in orders or other information not being timely delivered, which could affect the parties' rights.

19. Taylor may file a Motion for Voluntary Dismissal of this case at any time if Taylor decides not to pursue it. In making this decision, Taylor should consider the statute of limitations.

**BY THE COURT:**

*/s/ John M. Gallagher*

**JOHN M. GALLAGHER, J.**

**ACCEPTANCE OF SERVICE FORM**

This form is filed in accordance with the Memorandum of Understanding between the Pennsylvania Department of Corrections and the United States District Court for the Eastern District of Pennsylvania, for the following case:

**Case Name:** Taylor v. Stuebner, et al.

**Case Number:** 26-1350

**DOC Location:** SCI Phoenix

| | **Defendant's Name** | **Waive Service?** | **Additional Information*** |
|---|---|---|---|
| 1 | Beth Stuebner | **Y / N** | |
| 2 | Lieutenant Judge | **Y / N** | |
| 3 | John Doe 1 | **Y / N** | |
| 4 | John Doe 2 | **Y / N** | |
| 5 | John Doe 3 | **Y / N** | |
| 6 | John Doe 4 | **Y / N** | |
| 7 | | **Y / N** | |

*** Please provide reasons for declining waiver (such as defendant unknown, defendant not an employee, defendant no longer an employee, or other [state reason]). Please provide name(s) of Doe defendants or efforts made to identify Doe defendants. If this Form has been forwarded to another DOC location or to a third party, please so indicate. Attach additional pages as necessary.**

________________________________ ________________________________
Signature Printed Name

________________________________
Date

**Once completed, file this Form using your PACER account**. Select the "Service of Process" category, then select the event "Acceptance of Service – by Agreement".
**Filing this Form does not constitute an Entry of Appearance.**